COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-052-CR
LAWRENCE WAYNE GRAY                                                                   
APPELLANT
V.
THE STATE OF TEXAS                                                                                
STATE
------------
FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY
------------
MEMORANDUM OPINION
(1)
------------
I. Introduction
A jury convicted Appellant Lawrence Wayne Gray ("Gray") of
possession of cocaine in an amount exceeding one gram but less than four grams,
and the trial court assessed Gray's punishment at 11 years' confinement. In a
single point on appeal, Gray complains that the trial court erred by refusing to
submit an article 38.23 instruction in the jury charge on guilt-innocence. Tex.
Code Crim. Proc. Ann. art. 38.23 (Vernon Supp. 2003). Because we hold that the
trial court did not err by refusing to submit an article 38.23 instruction, we
will affirm.
II. Background Facts
On August 10, 2000, pursuant to a warrant, members of the Fort Worth Police
Department Narcotics Unit and SWAT Team executed a search of the residence
located at 1205 East Humbolt Street. The SWAT Team entered the residence by
ramming open the front door, which had been barricaded with a dresser. Inside
one of the rooms, officers found Gray lying on a mattress, shirtless, shoeless,
and apparently asleep. A man's shirt and shoes lay nearby. SWAT Officer Jimmy
Ferguson handcuffed Gray and patted him down for weapons. Police found 1.49
grams of cocaine and a small amount of cash hidden underneath the mattress.
Officers also confiscated a crack pipe with residue on it that they found in the
room.
Following discovery of the cocaine, Gray was arrested for its possession. To
expedite Gray's administrative processing into jail, Officer McNutt of the
Narcotics Unit asked Gray questions necessary for completion of a Tarrant County
jail registration form. Officer McNutt did not advise Gray of his rights before
eliciting information for the registration form, and he could not say whether
any other officer had already done so. The jail registration form consists of
basic biographical information, including the arrestee's name, date and place of
birth, height, weight, marital status, religious preference, tattoos, marks,
amputations, current address, occupation, Social Security number, and emergency
contact information. Completion of the form is standard procedure. In response
to one of Officer McNutt's questions, Gray said that his home address was 1205
East Humbolt Street.
Gray argued that he should have been Mirandized before Officer
McNutt asked him his home address. Gray timely requested an article 38.23
instruction and objected to the charge's failure to include such an instruction.
III. Standard of Review
Appellate review of error in a jury charge involves a two-step process. Abdnor
v. State, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994). Initially, we must
determine whether error occurred. If so, we must then evaluate whether
sufficient harm resulted from the error to require reversal. Id. at
731-32.
IV. Article 38.23 Instruction
Gray complains the trial court erred in refusing to submit the requested
article 38.23 instruction in the jury's charge on guilt-innocence. Article 38.23
states:

     No evidence obtained by an officer or other person in
 violation of any provisions of the Constitution or laws of the State of Texas,
 or of the Constitution or laws of the United States of America, shall be
 admitted in evidence against the accused on the trial of any criminal case.
     In any case where the legal evidence raises an issue
 hereunder, the jury shall be instructed that if it believes, or has a
 reasonable doubt, that the evidence was obtained in violation of the
 provisions of this Article, then and in such event, the jury shall disregard
 any such evidence so obtained.

Tex. Code Crim. Proc. Ann. art. 38.23(a) (emphasis added). A trial court is
not required to include an article 38.23 instruction in the jury charge unless
the evidence raises a factual dispute about the legality of how the evidence was
obtained. Wesbrook v. State, 29 S.W.3d 103, 121 (Tex. Crim. App. 2000),
cert. denied, 532 U.S. 944 (2001).
Although Gray avers that conflicting evidence was offered as to whether his
statement was obtained in violation of his Miranda rights, our review
of the record indicates no such dispute. Gray did not contradict the State's
proof on the manner in which his address was obtained, nor did he put on any
evidence following the State's case in chief.
Moreover, Miranda addresses statements that result from custodial
interrogation. Miranda v. Arizona, 384 U.S. 436, 478, 86 S. Ct. 1602,
1629 (1966) (recognizing Miranda's holding does not preclude admission
of volunteered statements). A voluntary oral statement may be admissible on the
issue of guilt if it is not the "result of" or does not "stem
from custodial interrogation." May v. State, 618 S.W.2d 333, 348
(Tex. Crim. App.), vacated on other grounds, 454 U.S. 959 (1981); see
also Chambliss v. State, 647 S.W.2d 257, 262 (Tex. Crim. App. 1983).
"Custodial interrogation" is questioning initiated by law enforcement
officers after a person has been taken into custody or otherwise deprived of his
freedom of action in any significant way. Miranda, 384 U.S. at 444, 86
S. Ct. at 1612; Cannon v. State, 691 S.W.2d 664, 671 (Tex. Crim. App.
1985), cert. denied, 474 U.S. 1110 (1986); Camarillo v. State,
82 S.W.3d 529, 535 (Tex. App.--Austin 2002, no pet.). Questions normally
accompanying the processing of a D.W.I. arrestee do not constitute
interrogation. Griffith v. State, 55 S.W.3d 598, 603 (Tex. Crim. App.
2001). Likewise, Officer McNutt's questions to Gray regarding his name, date and
place of birth, height, weight, marital status, religious preference, tattoos,
marks, amputations, current address, occupation, Social Security number, and
emergency contact information, simply facilitated the processing of Gray's
arrest and did not constitute custodial interrogation.
In summary, because no fact issue existed regarding whether Gray's answer to
Officer McNutt's question regarding his address was obtained in violation of any
provisions of the Constitution or laws of the State of Texas, or of the
Constitution or laws of the United States of America, Gray was not entitled to
an article 38.23 instruction. See Tex. Code Crim. Proc. Ann. art.
38.23(a). We hold the trial court did not err in refusing Gray's request for an
article 38.23 jury instruction. We overrule Gray's point.
V. Conclusion
Having overruled Gray's sole point, we affirm the trial court's judgment.
 
SUE WALKER
JUSTICE

PANEL B: HOLMAN, GARDNER, and WALKER, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
[DELIVERED JANUARY 2, 2003]

1. See Tex. R. App. P. 47.4.